## Scaccia v. Borough of Old Forge

*Carl Carey*, for plaintiff.
*Ernest D. Preate*, for defendant.

EAGEN, J., February 23, 1951.—Plaintiff, claiming wages due from defendant for services rendered as a policeman, instituted this action in assumpsit. Defendant moves for judgment upon the pleadings.

The complaint alleges that plaintiff, after having complied with the civil service regulations, was appointed to the position of patrolman of the borough police department in 1946. He served continuously since and has not been paid his entire salary due for the month of March 1950 and that due for subsequent months.

An answer to the complaints admits plaintiff's appointment and subsequent service as a member of the borough's police department. However, it alleges he was severed from service on March 14, 1950, when the borough council enacted an ordinance reducing the number of members of the department and abolishing the position held by plaintiff.. These allegations

were not set up as "new matter", hence no reply thereto was required or is of record.

The motion must be dismissed. Issues of fact have been raised, which cannot be summarily decided. The situation may have been different if defendant utilized Pa. R. C. P. 1030 and set forth the material allegations of the answer under "new matter". Defendant's motion for judgment in effect admits the truth of the facts set forth in the complaint and the untruth of the allegations of the answer, which are denied or at issue because no further pleading is necessary to deny them: Lacey v. Stove Works, 59 Dauph. 425.

Defendant's counsel argues that although it is unnecessary for plaintiff to deny the existence of the ordinance involved (since it was not pleaded under rule 1030), and even though plaintiff has not had the opportunity to deny its existence, we must take judicial notice that there is such an ordinance and give it full effect at this stage of the proceedings. With this we cannot and do not agree. No case so holding has been called to our attention.

Judicial notice is a dispensation granted one party to an action from producing evidence on a certain point or proposition. However, it is not conclusive and the other party may, if it is possible, offer evidence in dispute: Wigmore on Evidence, vol. IX, pages 531-36, inclusive. It would seem, therefore, that we cannot at this point accept as conclusive that which may be rebuttable at the trial.

Plaintiff's complaint sets forth two causes of action in the alternative as permitted by rule 1020. Since this case must proceed to trial upon the first cause set forth it is unnecessary at this time to decide the questions of law raised as to the alternative cause of action.

Now, therefore, February 23, 1951, judgment upon the pleadings is refused and the motion dismissed.